1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

        Plaintiff,

 v.                                 **No. 19-20246**

**COLTON JURISIC,**

        Defendant.

_____/

**INITIAL APPEARANCE AND ARRAIGNMENT**

**BEFORE MAGISTRATE JUDGE ELIZABETH A. STAFFORD**
United States Magistrate Judge
Theodore Levin United States Courthouse
231 West Lafayette Boulevard
Detroit, Michigan
Thursday, May 16, 2019
1:39 p.m.

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | **TIMOTHY WYSE**<br>U.S. Attorney's Office<br>211 West Fort Street<br>Suite 2001<br>Detroit, Michigan 48226<br>(313) 226-9100 |
| For the Defendant: | **STEVEN E. SCHARG**<br>615 Griswold<br>Suite 1125<br>Detroit, Michigan 48226<br>(313) 962-4090 |

Transcribed by Leann S. Lizza, CSR-3746, CRR, RMR, CRC, RDR

(Transcript produced from digital voice recording.
Transcriber not present at live proceedings.)

**TABLE OF CONTENTS**

| Hearing | Page |
|---|---|
| Initial appearance and arraignment | 3 |

Exhibits:                                                   Received

  (None offered.)

**INITIAL APPEARANCE AND ARRAIGNMENT**

3

1                                              May 16, 2019

2                                              Detroit, Michigan

3                                -  -  -

4          THE COURT CLERK:  Calling Case Number 19-20246, United

5   States of America versus Colton Jurisic.

6          MR. WYSE:  Good afternoon, Your Honor.  Timothy Wyse

7   for the United States.

8          THE COURT:  Good afternoon.

9          MR. SCHARG:  Good afternoon, Your Honor.  Steven

10  Scharg on behalf of Mr. Jurisic.

11         THE COURT:  Good afternoon.

12         THE DEFENDANT:  Good afternoon.

13         THE COURT:  Are you -- why don't you say your name for

14  me.

15         THE DEFENDANT:  Colton Jurisic.

16         THE COURT:  Jurisic, is that correct?

17         THE DEFENDANT:  Yeah.

18         THE COURT:  You have the right to remain silent.

19  Anything you say may be used against you.

20         Mr. Jurisic, have you had the opportunity to review

21  the indictment with the assistance of Mr. Scharg?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Do you understand what you're charged

24  with?

25         THE DEFENDANT:  Yes.

```
 1            THE COURT:  Do you understand if you're found guilty
 2   or plead guilty to Counts 1, 6, 10 and 14 that you are faced
 3   with 20 years in prison and a fine of up to $250,000?
 4            THE DEFENDANT:  Yes.
 5            THE COURT:  Do you understand that for Counts 2 -- no,
 6   I'm sorry.  For Counts 7, 11 and 15 that you face a two-year
 7   mandatory sentence consecutive to any other sentence and a fine
 8   of up to $250,000?
 9            THE DEFENDANT:  Yes.
10            THE COURT:  Did I cover all the counts?
11            MR. WYSE:  You did, Your Honor.
12            THE COURT:  Okay.  Mr. Scharg, does Mr. Jurisic stand
13   mute and waive formal reading?
14            MR. SCHARG:  He does, Your Honor.
15            THE COURT:  I'll enter a plea of not guilty.
16            Have the parties received a copy of the Pretrial
17   Services report?
18            MR. SCHARG:  Yes, Your Honor.  Respectfully, we would
19   ask that you follow the conditions set by the court in Iowa.
20   Mr. Jurisic is from the State of Iowa.
21            THE COURT:  Well, there are conditions described by --
22   there are conditions imposed -- or that have been recommended
23   by Officer McCamley here.  Did you see those?
24            MR. SCHARG:  Yes, Your Honor.
25            THE COURT:  So you're -- well, I'll ask Mr. Wyse, what
```

```
 1   is your position regarding these conditions?
 2           MR. WYSE:  I have actually not seen the pretrial
 3   report for this individual, Your Honor.  But we would be
 4   recommending the exact same package conditions that are imposed
 5   on his co-defendants earlier.
 6           THE COURT:  I want to deal with what she recommended.
 7   We can talk about additional --
 8           MR. WYSE:  Sorry, Your Honor.
 9           THE COURT:  It's at the bottom of page 2 and top of
10   page 3.  Oh, yeah.  I forgot.  I did, yeah.
11           MR. WYSE:  Your Honor, the government would ask to
12   monitor condition 5, denying all smartphone use.  We would like
13   to add in no use of the personal identifying information of
14   another and we would like to add GPS monitoring.  And that
15   would begin to bring him in line with the previous
16   co-defendants.
17           THE COURT:  I did talk to Officer McCamley before we
18   started and what she told me is that some districts do have the
19   ability to monitor smartphones.
20           MR. WYSE:  Uh-huh.
21           THE COURT:  So my thought was that if the smartphone
22   could be monitored in Iowa, then that would be sufficient.  If
23   not, then no smartphone.
24           MR. WYSE:  That would be -- yes, the government
25   agrees, Your Honor.
```

1         MR. SCHARG:  That's fine, Your Honor, because my
2  client currently is -- they allowed him to have a phone only
3  for texting and communicating verbally on the phone.  He had to
4  wipe out all his Internet.  Everything else on his smartphone
5  was deleted and they approved of that.  Because he's 19, he
6  lives at home, he doesn't have a driver's license, doesn't
7  drive, so that's his main means of communication.
8         THE COURT:  There is a -- Officer McCamley, do you
9  want to talk about the searching provision in Iowa?
10        MS. MCCAMLEY:  Yes, Your Honor, Heather McCamley on
11 behalf of Pretrial Services.  It appears that some of the
12 conditions that he was released on in Iowa include a search
13 condition of his residence and/or computers.
14        THE COURT:  And vehicle you said, right?
15        MS. MCCAMLEY:  And vehicle.  The condition in our
16 district does read with vehicle.  The question is whether or
17 not this court would like to impose a search condition.  Iowa
18 already has imposed that condition; however, our Pretrial
19 Services Department here does not have the ability to do the
20 search.
21        THE COURT:  But since Iowa has the ability to do the
22 search, then the Pretrial Services in Iowa could at any time
23 search the defendant's smartphone to see where he's altered it
24 to be able to use the Internet then?
25        MS. MCCAMLEY:  Correct, Your Honor.

```
 1              THE COURT:  Are you comfortable with that, Mr. Wyse?
 2              MR. WYSE:  I am, Your Honor.
 3              THE COURT:  Mr. Scharg?
 4              MR. SCHARG:  Yes, Your Honor.  That's why I asked for
 5   the same conditions I thought as Iowa's was.  I thought it was
 6   pretty strict.
 7              THE COURT:  Is there anything else, Mr. Wyse?
 8              MR. WYSE:  Again, we would also request the GPS
 9   monitoring be imposed.
10              THE COURT:  Right.  I understand that.
11              MR. WYSE:  Nothing else, Your Honor.
12              THE COURT:  Mr. Scharg?
13              MR. SCHARG:  I understand the Court's ruling with the
14   other ones on the GPS.  Personally I don't think it's needed
15   for my client, but if the Court's going to make that ruling, I
16   understand why.
17              THE COURT:  Thank you.
18              All right.  Mr. Jurisic, I'm going to release you on
19   an unsecured bond with the following conditions.  First, you
20   have to report to Pretrial Services.  Do you understand that?
21              THE DEFENDANT:  Yes.
22              THE COURT:  You must continue or actively seek
23   employment.  Do you understand that?
24              THE DEFENDANT:  Can you repeat that?
25              THE COURT:  You must continue employment or actively
```

```
 1   seek it.  Do you understand that?
 2             THE DEFENDANT:  Yes, yes.
 3             THE COURT:  We want you working.
 4             THE DEFENDANT:  Yeah.
 5             THE COURT:  Your travel is restricted to the Eastern
 6   District of Michigan and the Northern District of Iowa for
 7   court purposes only.  Do you understand that?  Well, the
 8   Eastern District of Michigan is for court and attorney's visits
 9   only.  Do you understand that?
10             THE DEFENDANT:  Yes.
11             THE COURT:  You -- if you want to travel outside of
12   the Eastern District of Michigan or the Northern District of
13   Iowa, you should get prior permission from your Pretrial
14   Services officer.  Do you understand that?
15             THE DEFENDANT:  Yes.
16             THE COURT:  And you should get maps of the Eastern
17   District of Michigan and of Northern District of Iowa so that
18   you know the boundaries.  That way you won't accidentally
19   travel outside of those boundaries.  Do you understand that?
20             THE DEFENDANT:  Yes.
21             THE COURT:  You must avoid all contact directly or
22   indirectly with any person who is or may become a victim or
23   witness in the investigation or prosecution including all
24   co-defendants, any co-defendants that were included on a
25   complaint or indictment.  Do you understand that?
```

1              THE DEFENDANT:  Yes.
2              THE COURT:  And do you understand that "avoid all
3    contact, direct or indirect" means no text messaging, no
4    e-mailing, no calling, no sending a message through a friend?
5    You understand that there's just no effort to communicate with
6    any of those individuals?  You understand that?
7              THE DEFENDANT:  Yes.
8              THE COURT:  You must agree to participate in a
9    computer restriction or monitoring program and abide by all
10   rules and requirements of the program which will not permit
11   access to the Internet and that will require the installation
12   of monitoring software by the Pretrial Services office or
13   supervising officer on any computer you have access to
14   including your phone, your cell phone.  Do you understand that?
15             THE DEFENDANT:  Yes.
16             THE COURT:  I understand that your phone has been
17   stripped of all software except that you can make a phone call
18   and what else?  And text message?
19             MR. SCHARG:  Text message.
20             THE COURT:  You understand you can't alter that phone?
21             THE DEFENDANT:  Yes.
22             THE COURT:  You understand that Pretrial Services will
23   have the ability to search your home and any of your devices
24   without advanced notice?
25             THE DEFENDANT:  Yes.

1    THE COURT:  Do you understand that?
2    THE DEFENDANT:  Yes.
3    THE COURT:  You must submit to GPS monitoring with the
4 curfew imposed by your Pretrial Services officer.  Do you
5 understand that?
6    THE DEFENDANT:  Yes.
7    THE COURT:  Your Pretrial Services officer will assess
8 your ability to contribute to the cost of the GPS monitoring
9 and you must pay whatever you're told you have to pay.  You
10 understand that?
11    THE DEFENDANT:  Yes.
12    THE COURT:  You may not use any other person's
13 personal identifying information.  Do you understand that?
14    THE DEFENDANT:  Yes.
15    THE COURT:  If you fail to appear as direct -- first
16 of all, did I capture all of the --
17    MR. WYSE:  I believe so, Your Honor.  Did you ask him
18 about his passport?  I may have missed that.
19    THE COURT:  You know, that's -- I don't think that
20 that is actually on here.
21    MR. SCHARG:  He does not have a passport, Your Honor.
22    THE COURT:  Okay.  Well, I will say -- I'll ask you,
23 Mr. Jurisic, do you have a passport, any other international
24 travel document?
25    THE DEFENDANT:  No.

```
 1            THE COURT:  All right.  You may not obtain a new
 2   passport or other international travel document.  Do you
 3   understand that?
 4            THE DEFENDANT:  Yes.
 5            THE COURT:  If you fail to appear as directed, that's
 6   a crime punishable with a sentence of imprisonment.  Do you
 7   understand that?
 8            THE DEFENDANT:  Yes.
 9            THE COURT:  If you violate any of the conditions of
10   your bond, you could be jailed pending trial or sentencing.  Do
11   you understand that?
12            THE DEFENDANT:  Yes.
13            THE COURT:  And if you commit any new crimes while
14   you're on pretrial release, the sentence you face for those new
15   crimes will be higher than if you committed the same crimes
16   otherwise.  Do you understand that?
17            THE DEFENDANT:  Yes.
18            THE COURT:  Okay.  This case is assigned to
19   Judge Denise Page Hood and she will schedule all future dates.
20            Mr. Scharg, is there anything else you need to do
21   today?
22            MR. SCHARG:  No, Your Honor.
23            THE COURT:  Mr. Wyse, anything else?
24            MR. WYSE:  No, Your Honor.  Thank you.
25       (Proceedings concluded, 1:50 p.m.)
```

1                    CERTIFICATION OF REPORTER

2

3      I, Leann S. Lizza, do hereby certify that the above-entitled

4   matter was taken before me at the time and place hereinbefore

5   set forth; that the proceedings were duly recorded by me

6   stenographically and reduced to computer transcription; that

7   this is a true, full and correct transcript of my stenographic

8   notes so taken; and that I am not related to, nor of counsel to

9   either party, nor interested in the event of this cause.

10

11

12  S/Leann S. Lizza                                    6-26-2019

13  Leann S. Lizza, CSR-3746, RPR, CRR, RMR, RDR      Date

14

15

16

17

18

19

20

21

22

23

24

25