UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Case No.:  19-CR-20246

HONORABLE DENISE PAGE HOOD

Plaintiff,

v.

COLTON JURISIC,

Defendant.

_____/

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO MODIFY BOND REQUIREMENT (Doc. #48)**

The United States of America opposes defendant Colton Jurisic's Motion to Modify Bond Requirement (Doc. #48).

On May 16, 2019, defendant Colton Jurisic appeared for arraignment before Magistrate Judge Elizabeth A. Stafford.  (Doc. #47).  After hearing from both the government and defense counsel, Magistrate Judge Stafford ordered that Jurisic be subject to GPS monitoring as part of his bond conditions.  (Doc. 26).

Jurisic now seeks relief from this condition.  The government objects.  GPS monitoring is a crucial pre-trial condition not only for Jurisic, but also for his co-defendants.  It serves the government's interests by deterring flight, ensuring the safety of the community by deterring further criminal activity, and ensuring that

Jurisic's location can be determined if it becomes necessary to rule him in (or out) as a suspect in possible future crimes.

## FACTS

Defendant was indicted on April 18, 2019 on one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), three counts of wire fraud (18 U.S.C. § 1343), and three counts of aggravated identify theft (18 U.S.C. 1028A(a)(1)). (Doc #1; EXHIBIT 1).

The indictment alleges that Jurisic participated in a scheme to defraud that netted him and his co-conspirators over two-million dollars. *Id.* The scheme was complex, sophisticated, and involved extensive use of computers. It also involved identity theft—it was necessary for the conspirators to pose as their victims to fraudulently obtain control of mobile phone numbers, reset passwords, access online accounts, and ultimately transfer funds from the victims to the conspirators. *Id.*

As part of a detailed list of conditions, Magistrate Stafford ordered that Jurisic and his co-defendants have their computer usage restricted and monitored—and also that they be monitored by GPS. (Docs. 26 and 47). At his arraignment, counsel for defendant advanced no individualized argument for why his client should not, like his co-defendants, be subject to GPS monitoring. (Doc. 47 at 179: "I understand the Court's ruling with the other ones on the GPS. Personally I don't think it's needed for my client, but if the Court's going to make that ruling, I understand why.")

## **ARGUMENT**

Colton Jurisic needs to be monitored via GPS in order to ensure his appearance at future court appearances and to protect the public. The Bail Reform Act mandates that conditions of release be crafted to ensure the appearance of a defendant in court and to protect the community. 18 U.S.C. § 3142 (c)(1)(B). The conditions imposed on Jurisic by Magistrate Judge Stafford further these aims.

The crimes alleged in the indictment demonstrate that Jurisic has significant computer skills—along with the willingness and the skills to steal identities. The indictment also alleges that Jurisic's criminal activity was highly profitable. These factors demonstrate a risk of flight. Given Jurisic's residence far from this Court, it is essential that his location be monitored to discourage flight.

GPS monitoring is also crucial for the protection of the community from further possible crimes. Defense counsel is in error in arguing that current conditions are sufficient to protect the public. Although Jurisic's conditions of release prohibit him from accessing the Internet, there is very little that prevents Jurisic from sidestepping these conditions should he decide to ignore the Court's order. The Internet—and access to it—are ubiquitous. Jurisic could access the Internet from any one of an infinite number of potential public places, or privately with the help of others. Location monitoring is intended, in part, to serve as a deterrent. Should Jurisic be suspected of committing another crime over the Internet, investigators

could potentially rapidly rule him in (or out) as a suspect by comparing his location to the location of the relevant Internet access.

## CONCLUSION

Jurisic has provided no justification for why his conditions should be modified, or why they should vary from those of his codefendants. For the reasons outlined above, the Court should deny Jurisic's <u>Motion to Modify Bond Requirement</u>.

                                  Respectfully submitted,

                                  MATTHEW SCHNEIDER
                                  United States Attorney

                                  <u>/s  TIMOTHY J. WYSE</u>
                                  Timothy J. Wyse
                                  Assistant U.S. Attorney
                                  (313) 226-9144
                                  211 West Fort, Suite 2001
                                  Detroit, Michigan  48226
                                  Timothy.Wyse@usdoj.gov

July 24, 2019